# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

ROBERT DANIEL ALLISON,

      Plaintiff,

v.                                Case No:  2:14-cv-192-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## OPINION AND ORDER

Plaintiff Robert Daniel Allison seeks judicial review of the denial of his claim for Social Security disability benefits and supplemental security income by the Commissioner of the Social Security Administration ("Commissioner").  The sole issue[1] raised by the Plaintiff is whether substantial evidence supports the finding of Administrative Law Judge Ronald S. Robins (the "ALJ" or "law judge") that Plaintiff's impairments did not meet or equal either Listing 11.04 or Listing 11.08.  Because the decision of the Commissioner is supported by substantial evidence and the Plaintiff has not shown any reversible error, the decision will be affirmed.

---

[1] Any issue not raised by the Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004) ([A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), *cited in Sanchez v. Comm'r of Soc. Sec.,* 507 F. App'x 855, 856 (11th Cir. 2013).

I.

Plaintiff, who was forty-nine years old at the time of the administrative hearings and who has a high school and vocational education, has worked only as an electrician from about two years after graduating high school until early 2010.  Tr. 67, 72, 82.  He filed a claim for Social Security disability benefits and supplemental security income, alleging he became disabled and unable to work on January 1, 2010 due to muscle atrophy.  Tr. 190-200, 216.  His claim was denied initially and upon reconsideration.  Tr. 101-09, 112-17.

At his request, Plaintiff received his first *de novo* hearing before ALJ Ronald S. Robins during which he was represented by counsel, which occurred on September 14, 2012.  Tr. 63-86.  Plaintiff and a vocational expert testified at the hearing.  *Id.* To allow Plaintiff additional time to obtain and submit updated medical records, the law judge continued the hearing until November 7, 2012.  Tr. 34-62.  During the second hearing before ALJ Robins, Plaintiff was represented by the same lawyer and again testified, along with Board-certified neurologist Dr. Ronald Devere, a medical expert, and vocational expert Joyce P. Ryan.  *Id.*

On December 20, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.  Tr. 22-29.  The law judge found that Plaintiff had the severe impairments of "spasticity of the lower extremities, lumbar spine myofascial pain, and left lower extremity sciatica."  *Id.*  At step three, he concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR

Part 404, Subpart P, Appendix 1. . . ."   *Id.*   The ALJ expressly considered whether Plaintiff met the requirements of either Listing 11.04 or 11.08.   Tr. 25.

The law judge concluded, with these severe impairments, that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations:

> [H]e can lift and carry 10 pounds frequently and 20 pounds occasionally, can sit for 6 hours total in an 8 hour workday, can stand for 1 hour total and walk for 1 hour total in an 8 hour workday, can occasionally kneel, stoop, and bend, can never crawl, cannot work around ladders, ropes or scaffolds, and cannot work around extreme heat.

Tr. 25.   The ALJ ruled that Plaintiff's impairments and these limitations prevented Plaintiff from performing his past relevant work as an electrician, which is classified as medium skilled work and thus exceeds Plaintiff's RFC.   Tr. 28.   After posing hypotheticals to the VE, the ALJ determined that considering the Plaintiff's age, education, work experience and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as document preparer and para mutual ticket taker, both of which are unskilled, sedentary jobs.   Tr. 29. Accordingly, the ALJ ruled that Plaintiff is not disabled through the date of the decision.   Tr. 29.   The Appeals Council let stand the decision of the ALJ as the final decision of the Commissioner.   Tr. 4-10.   Plaintiff filed an appeal in this Court on April 3, 2014.   Doc. 1.

## II.

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3

(11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Commissioner, 2015 WL 1453364* at *2 (11th Cir. 2015), *citing Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971).

## III.

*Whether the ALJ properly determined that Plaintiff's impairments do not meet or equal Listing 11.04 or Listing 11.08.*

Plaintiff's sole argument on appeal concerns the ALJ's decision in step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically Listing 11.04B or Listing 11.08. Plaintiff argues that it was error for the ALJ to continue with the remaining steps and that instead he should have found at step three that Plaintiff was disabled. Doc. 14 at 1.

The listings describe impairments that the Commissioner considers severe enough to prevent a person from doing "any gainful activity, regardless of his or her age, education, or work experience." *See* 20 C.F.R. §§ 404.1625(a), 416.925(a). If an adult's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. . . ." *Bowen v. Yuckert,* 482 U.S. 137, 141

(1987), *cited in Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).   The Eleventh Circuit has described how the standard is met or equaled:

> In order to *meet* a listing, the claimant must (1) have a diagnosed condition that is included in the listings and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable listing and the duration requirement. A diagnosis alone is insufficient. [] In order to *equal* a listing, the medical findings must be at least equal in severity and duration to the listed findings.

*Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987), citing 20 C.F.R. § 416.925(c)-(d).   The burden of establishing that a claimant's impairments meet or equal a listing rests with the claimant, who must produce specific medical findings that satisfy all the criteria of a particular listing.   20 C.F.R. § 404.1520(a)(4).

The relevant listings in this case are described as follows:

**11.04 *Central nervous system vascular accident*.** With one of the following more than *3* months post-vascular accident:

A. Sensory or motor aphasia resulting in ineffective speech or communication; or

B.   Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C).[2]

---

[2] Listing 11.00C describes *"[p]ersistent disorganization of motor function"* in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands and arms.

20 CFR Part 404, subpart P, app. 1, § 11.04 (emphasis in original).   Section 11.08 describes *"[s]pinal cord or nerve root lesions, due to any cause* with disorganization of motor function as described in 11.04B."   *Id.* § 11.09.

In making his determination at step three, the ALJ considered and gave great weight to the testimony of Dr. Ronald Devere, a Board-certified neurologist who testified at the hearing without objection as an impartial medical expert.   Tr. 25. Dr. Devere did not personally examine the Plaintiff but reviewed Plaintiff's medical records prior to the hearing and testified that there was sufficient objective medical evidence in the record for him to form an opinion on the claimant's condition.   Tr. 37-38.   Describing Plaintiff's condition with his legs as "spasticity," Dr. Devere concluded that Plaintiff's condition did not meet or equal listing 11.08 for myelopathy, which he testified is based on listing 11.04B, and that Plaintiff is capable of sedentary work, with some limitations.   Tr. 38-39, 50-52.   Dr. Devere did not find any limitations with Plaintiff's upper extremities.   Tr. 40.   In reaching his conclusion, Dr. Devere stated he relied upon the medical records from examining physicians at the Mayo Clinic in 2004 (Tr. 285-296), and from Paul Driscoll, M.D., Florida Neurology Group, from March 10, 2009 through June 29, 2009 (Tr. 297-306) and again from April 23, 2002 to March 20, 2012 (Tr. 320-371), and consultative examination report dated November 23, 2010 from Robert T. O'Leary, D.O. (Tr. 307-314).   *See generally* Tr. 41-44.   Dr. Devere noted the records revealed as recently as 2012 that Plaintiff's strength in his upper and lower extremities was normal and clarified that Plaintiff's condition of spasticity does not necessarily mean he would

have weakness.   Tr. 41.   He discussed that some of Plaintiff's most recent records in March 2012 showed that his strength in his upper and lower extremities was normal, his sensation was normal and his gait was spastic.   Tr. 52.

The records Dr. Devere reviewed included those of Dr. Driscoll, Plaintiff's examining physician, including a two-page questionnaire completed by Dr. Driscoll in July 2012.   Tr. 41-44, 53.   He disagreed with Dr. Driscoll's diagnosis of primary lateral sclerosis and that Plaintiff is completely disabled.   Tr. 53-54.   Dr. Devere further stated:

> Based on the data that I[] already gave you exhibits, that, that comment in my opinion is somebody who obviously doesn't understand the problem and doesn't even describe it.   If you say somebody is totally disabled and you don't discuss specifically what areas and why, it doesn't mean anything.   I can say that on any report.

Tr. 54.

Upon review of the record, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff did meet or equal an impairment in Listing 11.04B or 11.08, and Plaintiff has failed to meet this burden to show otherwise.   Although not raised by the Plaintiff and therefore deemed waived, the ALJ properly gave little weight to Dr. Driscoll's opinion in July 2012 that Plaintiff met or equaled a listing, as that opinion was not as a result of an examination and was not even supported by Dr. Driscoll's own treatment records, no less those of the other examining and consultative physicians.   Tr. 27.   While Plaintiff appears to argue that Dr. Devere also opined that Plaintiff met or equaled a listing, the medical expert's testimony completely belies that contention.   Dr. Devere expressed emphatically at least three

or four times during his hearing testimony that Plaintiff did not meet the listings. *See* Tr. 38-39, 50-52.   As noted by the ALJ, Dr. Devere stated that Plaintiff does not have "significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements or gait and station that meet the criteria of either section 11.04 or 11.08."   Accordingly, the law judge did not err in concluding that Plaintiff did not meet either of the listings.

## IV.

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 9 -